# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARRELL GILLESPIE,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0792** (BOR Appeal No. 2047975)
(Claim No. 2011030453)

**A T MASSEY COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell Gillespie, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. A T Massey Coal Company, Inc., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 2, 2013, in which the Board affirmed a November 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 23, 2011, decision which granted Mr. Gillespie an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gillespie, a maintenance mechanic, injured his neck and back in the course of his employment on March 4, 2011, when he slipped, fell, and hit a beam. His claim was held compensable for neck, thoracic, and lumbar sprains. Mr. Gillespie has a history of mid and low back pain. He testified in a November 15, 2011, deposition that he was in a motor vehicle accident in 2000 in which he injured his mid and lower back. X-rays and an MRI revealed thoracic and lumbar spine degenerative changes. Mr. Gillespie underwent physical therapy, injections, and a work hardening program to treat his compensable injury.

1

Mr. Gillespie underwent three independent medical evaluations in order to determine the amount of permanent impairment he sustained as a result of his compensable injury. The first evaluation was conducted by Prasadarao Mukkamala, M.D., on June 3, 2011. Dr. Mukkamala found that thoracic spine range of motion was completely normal. He diagnosed lumbar sprain and stated that Mr. Gillespie sustained soft tissue injuries that should have healed in four to six weeks. By the time of the examination, it had been twelve weeks since the injury; therefore, the ongoing pain complaints were deemed to be unrelated to the compensable injury. The symptoms were instead determined to be the result of degenerative changes. Dr. Mukkamala opined that Mr. Gillespie had reached maximum medical improvement and assessed 0% impairment for neck sprain, 0% impairment for thoracic sprain, and 8% impairment for lumbar sprain.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on March 1, 2012. Dr. Guberman diagnosed acute and chronic post-traumatic cervical, thoracic, and lumbosacral strains. He determined that Mr. Gillespie had reached maximum medical improvement and assessed 7% cervical spine impairment, 6% thoracic spine impairment, and 8% lumbar spine impairment. He opined that at the time of Dr. Mukkamala's evaluation, Mr. Gillespie had not yet reached maximum medial improvement because he was treated with injections after the independent medical evaluation and his symptoms improved.

A final independent medical evaluation was performed by Saghir Mir, M.D., on May 7, 2012. Dr. Mir noted that Mr. Gillespie reported that he had no symptoms in his thoracic spine and that thoracic spine range of motion was normal. Dr. Mir diagnosed cervicothoracic strain, chronic lumbosacral strain superimposed on pre-existing spinal stenosis, and resolved lower thoracic strain superimposed on pre-existing left thoracolumbar scoliosis causing degenerative changes. He opined that Mr. Gillespie had reached maximum medical improvement. He stated that Dr. Guberman failed to consider Mr. Gillespie's pre-existing lumbar spinal stenosis. He also disagreed with Dr. Guberman's findings from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993) because Mr. Gillespie's cervical spine x-rays were normal and Dr. Mir found no signs of radiculopathy. Dr. Mir assessed 5% cervical spine impairment, 0% thoracic spine impairment, and 5% lumbar spine impairment.

The claims administrator granted Mr. Gillespie an 8% permanent partial disability award on August 23, 2011. The Office of Judges reversed the decision and granted Mr. Gillespie a 10% permanent partial disability award in its November 30, 2012, Order. The Office of Judges found that the evidence demonstrates that Mr. Gillespie suffered from low back pain prior to his compensable injury. Dr. Mukkamala's independent medical evaluation was determined to be the least reliable of record. The Office of Judges found that he failed to apportion for pre-existing conditions. It also found that Mr. Gillespie was likely not at maximum medical improvement and that the independent medical evaluation was premature. Mr. Gillespie underwent significant treatment following Dr. Mukkamala's evaluation including injections and a work hardening program. Dr. Guberman's independent medical evaluation was found to be more reliable than Dr. Mukkamala's. Mr. Gillespie underwent his final treatments prior to Dr. Guberman's evaluation and was more than likely at maximum medical improvement at that time. However, Dr. Guberman failed to make any adjustments for Mr. Gillespie's pre-existing conditions. Dr.

2

Mir's report was determined to be the most reliable of record. The Office of Judges found that he considered all of Mr. Gillespie's pre-existing conditions and provided a more reasonable approach to an impairment rating. He also apportioned for pre-existing lumbar spine impairment and made very reasonable assessments of the cervical and thoracic spine.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judges' decision by Order entered July 2, 2013. On appeal, Mr. Gillespie argues that Dr. Guberman's report should have been afforded more evidentiary weight. A T Massey Coal Company, Inc., asserts that the evidentiary record clearly shows, per the opinions of Drs. Mir and Mukkamala, that Mr. Gillespie is entitled to no more than a 10% permanent partial disability award. Upon review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Gillespie is entitled to no more than a 10% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Justice Brent D. Benjamin, disqualified